IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
07/28/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

DONGHUA LIU,                                                )
                                                           )
                    Petitioner,                            )
                                                           )
            v.                                             )      Case No. 26-3259-JWL
                                                           )
MARKWAYNE MULLIN, Secretary, DHS;                          )
TODD BLANCHE, Acting Attorney General;                     )
DAVID VENTURELLA, Acting Director, ICE;                    )
SAM OLSON, Field Office Director, ICE; and                 )
JACOB WELSH, Warden,                                       )
            Chase County Detention Center,                 )
                                                           )
                    Respondents.                           )
                                                           )
_____            )

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. §
2241, in which she challenges her detention by immigration officials.  Petitioner has also
filed a Motion for Immediate Release Pending Adjudication of Habeas Petition (Doc. # 3)
and a Motion and Memorandum of Law in Support of Plaintiff's Motion for Ex Parte
Application for Temporary Restraining Order (Doc. # 5), which are effectively duplicative;
and an Ex Parte Motion to Proceed Under Pseudonym (Doc. # 4).  For the reasons set forth
below, the Court **denies** all three motions, and it sets deadlines for expedited briefing on
the petition.

Petitioner alleges that she is a native of China who lawfully entered the United States in 2017 on a visa; that she has sought relief in removal proceedings since her entry; that she was detained by immigration officials on April 30, 2026; that on June 22, 2026, an immigration judge conducted a bond hearing and denied her request for release on bond, citing a risk of flight; and that petitioner is in custody in this judicial district. Petitioner claims that her detention without a constitutionally adequate bond determination, in which the Government bears the burden to justify her detention by clear and convincing evidence, violates the applicable statutes and due process.

The Court first denies petitioner's motions (Doc. ## 3, 5) by which she seeks her immediate release pending resolution of this case. Petitioner asserts that she is likely to succeed on the merits of her claims, but petitioner has not made any such showing. Petitioner appears to claim that she is presently detained under 8 U.S.C. § 1226(a), which allows for release on bond,[1] but she concedes that she has received an individualized bond hearing from an immigration judge (IJ) at which the IJ denied release on bond after finding that she presented a flight risk. Petitioner claims that that hearing was not adequate because the Government did not bear the burden of proof under a clear-and-convincing standard, but she has not cited any authority imposing such a burden in this immigration context.[2] Indeed, if this Court were to follow its own precedent (the most likely result), it would not

---

[1] At one point in her petition, petitioner suggests that a case involving individuals in withholding-only proceedings after reinstated removal orders would apply to her, but she has not identified any removal order that has been entered in her removal proceedings.

[2] In the "Legal Framework" section of her petition, petitioner devotes most of discussion to expedited removal under 8 U.S.C. § 1225(b)(1), but she does not allege that she is being detained pursuant to those provisions.

find a violation here, as it has in previous cases required only a bond hearing if Section 1226(a) applies, while denying requests that the Government bear a clear-and-convincing burden (or any burden) at the hearing. *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121, at *3 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Petitioner also argues that she is neither a danger to the community nor a flight risk, and that she has suffered mental and physical deterioration while in custody. Petitioner has not supported such claims with evidence, however; nor is her petition verified as required by 28 U.S.C. § 2242.[3] In short, petitioner has fallen woefully short of justifying emergency, *ex parte* relief in this case, and the Court therefore denies the motions.[4] The Court will expedite briefing on the petition somewhat, as set forth below.

The Court also denies petitioner's motion to proceed in this case using her initials instead of her full name. Petitioner argues that public disclosure of her identity could expose her to retaliation or harm in custody and would reveal highly sensitive personal information. Petitioner has not explained why such harm would be likely, however (again, she has not submitted evidence on the issue, and her petition is not verified); nor has she identified any particularly sensitive information that may be revealed.[5] The Court denies

---

[3] Petitioner has not alleged that she is being denied adequate food or appropriate medical care.

[4] In the conclusion of one motion, petitioner also asks for an order prohibiting her transfer to another facility outside this judicial district, but the Court denies that request; petitioner has not explained why such relief is necessary in light of the fact that the Court would retain jurisdiction in the event of such a transfer. *See Quintero v. Blanche*, 2026 WL 1383537, at *1 (D. Kan. May 18, 2026) (Lungstrum, J.).

[5] The boilerplate nature of the motion is revealed by the erroneous use in some instances of masculine pronouns to refer to the female petitioner.

this motion without prejudice to allow petitioner to attempt to make a sufficient showing in support of such relief, and to allow petitioner to determine whether respondents would oppose a renewed motion.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motions for her immediate release (Doc. # 3), to proceed using her initials (Doc. # 4), and for a temporary restraining order (Doc. # 5) are hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT respondents are required to show cause on or before **August 17, 2026**, why the writ should not be granted; and that petitioner is granted until **August 31, 2026**, to file a traverse thereto, admitting or denying under oath all factual allegations contained in the response. Copies of this Order shall be transmitted to the parties and the United States Attorney for the District of Kansas.

IT IS SO ORDERED.

Dated this 28th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4