IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

DONGHUA LIU,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, DHS;
TODD BLANCHE, Attorney General;
DAVID VENTURELLA, Acting Director, ICE;
SAM OLSON, Field Office Director, ICE; and
JACOB WELSH, Warden,
Chase County Detention Center,

Respondents.

Case No. 26-3259-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of China, entered the United States in 2017 on a visitor visa, but she then remained beyond the authorized period. After a police arrest and state criminal charge, petitioner was taken into custody by immigration officials on April 30, 2026, and removal proceedings were initiated. On June 22, 2026, an immigration judge (IJ) conducted a bond hearing and denied petitioner's request for release on bond, citing a risk of flight. Petitioner did not appeal that order to the Board of Immigration Appeals (BIA). On July 28, 2026, the IJ denied petitioner's application for relief and ordered her removal

to China, and petitioner subsequently appealed that order to the BIA, which appeal remains pending. Petitioner remains in custody in this judicial district.

Petitioner initiated this action by filing her petition on July 27, 2026. On July 28, 2026, the Court denied petitioner's motions for her immediate release and to proceed using her initials. On August 17, 2026, the Government filed its response to the petition, but petitioner failed to file any traverse or reply brief by the Court-ordered deadline of August 31, 2026.[1] The matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

The parties agree that because petitioner's removal order is not yet administratively final (by virtue of her appeal to the BIA), her detention is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. *See id.* Petitioner did receive a bond hearing under Section 1226(a), at which the IJ denied her request for bond. Petitioner claims nonetheless that her bond hearing violated due process because the Government

[1] In addition, at the Court's request, both parties provided a supplemental brief to confirm that petitioner did file an appeal from her removal order. Petitioner did not address the merits of her claims in that response, however.

was not required to bear the burden to justify her detention by clear and convincing evidence.[2]

Petitioner has not shown that due process requires that the Government bear such a burden at an initial bond hearing under Section 1226(a). First, in ordering bond hearings under Section 1226(a), this court has consistently rejected requests for such a burden (or any burden) to be imposed on the Government. *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121, at *3 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Similarly, the Tenth Circuit, in ordering that a petitioner be given a bond hearing under Section 1226(a), declined to impose a particular burden of proof. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026).

Moreover, petitioner has not supported this claim by citation to any relevant authority. In the petition, petitioner cites two cases supporting her statement that the Supreme Court has required the Government to bear the burden of justifying detention in civil cases: *Foucha v. Louisiana*, 504 U.S. 71 (1992), and *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Foucha*, the Supreme Court did state that, in the context of a civil commitment case, the Government bears the burden to show by clear and convincing evidence that the person is mentally ill and dangerous. *See Foucha*, 504 U.S. at 80. That case is not particularly helpful here, however, in this vastly different immigration context, involving

[2] Petitioner has not directly claimed that Section 1226(a) requires that such a burden be imposed. Indeed, the Supreme Court has stated that the text of that statute does not support such a requirement. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Rather, petitioner claims that her bond hearing violated the statute because the hearing did not comport with due process. Thus, the single issue here is whether due process requires the burden of proof urged by petitioner.

only a temporary detention under Section 1226(a) until a final removal order is issued, and in which aliens may be subjected to restrictions that may not be imposed on citizens, *see Demore*, 538 U.S. at 522. The citation to *Zadvydas* is even less apt, as the Supreme Court in that case addressed a different statute and did not consider either a due process claim or process for a bond hearing (and the Court proceeded to impose the initial burden on the *alien* with respect to prolonged detention after a final removal order). *See Zadvydas*, 533 U.S. 678.

In its prior order in this case, the Court noted this failure by petitioner to cite any authority addressing this issue in this context of a bond hearing under Section 1226(a). Despite that warning, petitioner did not file a reply brief supporting the merits of her claim. Accordingly, petitioner has utterly failed to show a due process violation based on the burden of proof applied at her bond hearing, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge